UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
BETTY GONZALEZ,                                              :
                                                             :
                          Plaintiff,                         :
                                                             :
            - against -                                      :  No. 24-CV-0447-JGLC
                                                             :
FAMILY DOLLAR STORES OF NEW YORK, LLC                        :
d/b/a FAMILY DOLLAR,                                         :
                                                             :
                          Defendant.                         :
                                                             :
------------------------------------------------------------ x

### CONFIDENTIALITY AGREEMENT AND CONSENT ORDER

**WHEREAS**, Plaintiff Betty Gonzalez ("Plaintiff") and Defendant Family Dollar Stores of New York, LLC d/b/a Family Dollar ("Family Dollar") are parties in the above-captioned action; and

**WHEREAS**, certain materials and information likely to be disclosed during the pendency of this case or as part of discovery may contain confidential information; and

**WHEREAS**, the parties wish to ensure that any such confidential information shall not be used for any purpose other than the above-captioned action and only as permitted by this Confidentiality Agreement and Consent Order; and

**WHEREAS**, each of the parties recognizes that use, disclosure or dissemination of such information other than as expressly permitted herein may cause harm to the entity to which the information belongs and each of the parties represents that it has no intention to use any confidential information obtained from the other for any purpose other than the above-captioned action and any judicial review thereof;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties and their respective attorneys, as follows:

1. This Confidentiality Agreement ("Agreement") governs the handling of documents, responses to document requests, interrogatories, requests for admissions, or other information requests, deposition testimony, and other written, recorded, graphic, or other matter produced in the above-captioned action ("Discovery Material"), which has been designated as "Confidential" by any party. Discovery Material which has been designated as "Confidential" and/or information derived from Discovery Material which has been designated "Confidential" is referred to herein as "Confidential Material."

2. Confidential Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and for no other purposes whatsoever.

3. Under no circumstances, other than those specifically provided for in this Agreement, as otherwise required by law, or with the express and specific consent in writing of the party which produced the Confidential Material (the "Producing Party") shall a party receiving Confidential Material (the "Receiving Party") in any way whatsoever reveal, disclose or otherwise make known Confidential Material to any person other than the following:

   (a) the Receiving Party or any officer, director, employee, agent, attorney, or legal partner of a Receiving Party or an affiliated corporate entity – only as necessary for the prosecution or defense of this case;

   (b) counsel of record in this action for the Receiving Party and employees of such counsel assisting in the litigation of this action;

   (c) expert witnesses from whom the Receiving Party, in good faith, intends to elicit testimony relating to such Confidential Material, in deposition, at trial, or in

affidavit form, provided such expert witnesses first agree in writing in the form attached hereto to be bound by the terms of this Agreement and confirm that they have read the Agreement in its entirety;

(d)    prospective witnesses from whom the Receiving Party, in good faith, intends to elicit testimony relating to such Confidential Material, in deposition, at trial, or in affidavit form, provided such anticipated witnesses first agree in writing in the form attached hereto to be bound by the terms of this Agreement and confirm that they have read the Agreement in its entirety;

(e)    the personnel of the Court in which this action has been filed in the ordinary course of this action; and

(f)    court reporters who record testimony taken in the course of this litigation.

4.    A Producing Party may designate Discovery Material as "Confidential" if such party believes that the Discovery Material constitutes or would disclose confidential or proprietary information within the following categories of information: (a) personnel information of employees not parties to this action; (b) previously non-public financial or business information relating to the business or financial performance of Family Dollar; (c)  previously non-public business plans, product development information, or marketing plans; (d) information of a personal or intimate nature regarding any individual; (e) medical, health or financial information regarding any individual; or (f) any other category of information hereinafter given confidential status by the Court.  Discovery Material may be designated "Confidential" by placing the legend "Confidential" on each page prior to production, by placing the legend "Confidential" beside the bates number on a produced document, or, with respect to a multi-page document, by placing the legend "Confidential" on the first page of the document, provided the multi-page document is

securely bound. Deposition testimony may be designated as "Confidential" by providing notice at the deposition or as soon as practicable thereafter that all or specified portions of the deposition testimony shall be treated as Confidential Material.

5. An inadvertent failure to designate any Discovery Material as "Confidential" pursuant to Paragraph 4 may be corrected by written notice to the Receiving Party given as soon as practicable. However, such written notice shall not prejudice the right of the Receiving Party to treat the Discovery Material as non-confidential during the period in which it was not designated as "Confidential" pursuant to this Agreement.

6. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only"). Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

7. Any party who either objects to any designation of confidentiality or "Attorneys' Eyes Only" may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If

agreement cannot be reached promptly, ~~counsel for the designating person will promptly convene a joint telephone call with the Court to obtain a ruling~~ counsel will follow the Court's Individual Rule 4(k) regarding discovery disputes.  Confidential Material shall remain confidential until otherwise ordered by the Court.

8. Third Parties who have received Confidential Information shall be permitted to invoke the terms of this Confidentiality Agreement for protection of their Confidential Materials as if they were a party.

9. This Agreement has no effect upon, and it scope shall not extend to, any Producing Party's use of its own Confidential Material (unless such Confidential Material has also been produced by the other party) or any Receiving Party's use of material not obtained in the discovery process described herein.

10. Nothing in this Agreement shall prevent any party from seeking or requiring confidentiality protections beyond those called for in this Agreement or from seeking modification to this Agreement.

11. Upon conclusion of this action and any appeals thereof, all Confidential Material and all copies thereof, together with any written agreement signed by an individual to whom Confidential Material was disclosed pursuant to Section 3(c) and 3(d) of this Agreement, shall, at the request of the Producing Party, be destroyed within thirty (30) days of the request of the Producing Party.  The foregoing shall not apply to electronically stored information that is in possession of counsel which is subject to that counsel's procedures for safeguarding client information.

12. This Agreement may be executed by counsel for the parties hereto, or the parties themselves, in separate counterparts, each of which when so executed and delivered shall be an original but all such counterparts together shall constitute one and the same instrument.

Dated: June 7, 2024
      New York, New York

| THE LAW OFFICE OF JOSHUA P. FRANK, PLLC | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
|---|---|
| __/s/ Joshua P. Frank_____ | _/s/ Brian D. Murphy_____ |
| Joshua P. Frank | Brian D. Murphy |
| 600 Old Country Road, Suite440 | Katerina Mantell |
| Garden City, New York 11530 | 30 Rockefeller Plaza, 39th Floor |
| Tel.: (516) 416-4444 | New York, New York 10112 |
| jfrank@jpfranklaw.com | Tel.: (212) 653-8700 |
|  | bmurphy@sheppardmullin.com |
| *Attorney for Plaintiff Betty Gonzalez* | *Attorneys for Family Dollar Stores of New York, LLC d/b/a Family Dollar* |

SO ORDERED

Dated: June __10__, 2024

                                            _Jessica Clarke_____
                                        HON. JESSICA G. L. CLARKE
                                        United States District Judge

The parties shall also follow the Rule 5 of this Court's Individual Rules regarding filing materials under seal. The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation omitted). There is no presumption that Confidential Discovery Material will be filed with the Court under seal.

-7-

## EXHIBIT A

   I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Gonzalez v. Family Dollar Stores of New York, LLC, d/b/a Family Dollar*, Case No. 24-CV-0447-JGLC, have been designated as confidential. I have been informed that such documents or information labeled "confidential" are confidential by Order of the Court.

   I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print Name: _____

Sign Name: _____

Dated: _____

Signed in the presence of:

_____ (Attorney)